(85 South. 293)

### McWILLIAMS v. BIRMINGHAM SOUTHERN R. CO. (6 Div. 982.)

(Supreme Court of Alabama. Feb. 5, 1920.)

1. Pleading ⬅205(1.)—General demurrer overruled.

Under Code 1907, § 5340, demurrers which are only general will be overruled.

2. Pleading ⬅200 — Demurrer held too general.

A ground of demurrer that, "the facts set forth * * * as constituting negligence * * * do not, as matter of law, charge negligence," was general, and properly overruled under Code 1907, § 5340.

3. Appeal and error ⬅680(2)—Overruling of demurrer not appearing in record not reviewed.

No demurrer addressed to special replications appearing in the record, action of the court in overruling defendant's demurrers to such special replications cannot be reviewed.

4. Trial ⬅83(2)—General objection to evidence properly overruled.

In an action for death, court did not err in overruling an objection to testimony descriptive of ages and conditions of intestate's minor brothers on the ground that the testimony was "immaterial, irrelevant, or incompetent"; it not appearing until subsequently that both parents of the intestate were living, under Code 1907, §§ 2486, 3912, 3754, 3763.

5. Trial ⬅98—Party must move for affirmative action if declaration in excluding evidence insufficient.

If a party was not satisfied with a declaration of the court that certain evidence was irrelevant when excluding it, he should have moved to court to further affirmative action in the premises.

6. Appeal and error ⬅499(3)—Objection to question must disclose ground.

Ruling of the court on an objection to a question cannot be complained of where the record does not disclose the statement of any ground of objection.

----

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] Post, p. 59.

**7. Master and servant ☞243(5)—Mere habitual customary violation of rule does not show abandonment.**

Mere habitual customary violation of a rule, which an employé has agreed in writing to obey, will not suffice to show its abandonment or abrogation in order to avoid its binding quality, because its violation must have been of such persistent, long-continued character, known to officers or superior employés authorized to bind the employer by acquiescence in its abrogation, as to evince an assent to the rule's nonobservance.

**8. Master and servant ☞274(7)—Customary violation of rule by employé admissible.**

In an action for death of an employé, testimony as to the customary speed of trains over the line at the point where decedent's train collided was admissible as tending to show abrogation of a rule that employé had agreed to in writing concerning speed of trains, notwithstanding the rule that mere habitual customary violation of such a rule will not suffice to show its abandonment or abrogation.

**9. New trial ☞76(5) — Verdict for $32,500 good grounds for new trial.**

In an action for death, it could not be said that the court erred in granting new trial on the ground of excessiveness of damages, verdict being for $32,500, even though the damages were punitive, under Code 1907, § 2486.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by Sudie N. McWilliams, as administratrix of the estate of L. L. McWilliams, against the Birmingham Southern Railway Company for damages. From an order setting aside a judgment in her favor, plaintiff appeals. Affirmed. The complaint is as follows:

Count 1:

The plaintiff, suing as the administratrix of the estate of Louis Lee McWilliams, deceased, claims of the defendant, a corporation, the sum of $100,000 as damages, for that heretofore, to wit, on October 3, 1916, plaintiff's intestate was employed by the defendant as a locomotive engineer, and while in the discharge of his duties under said employment on said date, in the nighttime, plaintiff's intestate was driving a locomotive engine along a railway, drawing behind the said engine a ladle of hot metal, when the said engine collided with a railroad car standing upon the said railway, by reason of which collision said hot metal was caused to spill upon plaintiff's intestate, and injured him so that he died.

And plaintiff alleges that the injury and death of her said intestate were proximately caused by reason of a defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the defendant, which said defect arose from or had not been remedied or discovered, owing to the negligence of the defendant or of some person in the service of the defendant and intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition. Said defect complained of consisted in this: The headlight on said engine was defective.

Count 2, same in its statements, and adds:

And plaintiff avers that the injuries and death of her intestate were proximately caused by reason of the negligence of a person in the service or employment of the defendant, the name of which said person is unknown to plaintiff, and which said person had the charge or control of a signal, points, locomotive, engine, car, or train upon a railway, in that the said person negligently caused or allowed said car to be left upon said railway without signals or warnings to plaintiff's intestate of the presence and position thereof.

Count 4, same in its statements as count 1, and adds:

And plaintiff avers that the injury and death of her said intestate were proximately caused by the negligence of the defendant, which negligence consisted in this: The defendant negligently failed to furnish the plaintiff's intestate with reasonably safe and suitable tools and appliance with which to perform his said work, to wit: The headlight on said engine was not reasonably safe and suitable for said work.

The demurrers were as follows, to each count separately and severally:

(1) It does not appear that defendant has violated any duty which it owed to the plaintiff's intestate.

(2) No facts showing as matter of law that any duty to the plaintiff's intestate was devolved upon the defendant.

(3) The relations existing between plaintiff's intestate and defendant at the time such injuries were received is not sufficiently set forth and described.

(4) It does not sufficiently appear that there was any causal connection between the injuries received by plaintiff's intestate and the alleged negligence complained of.

(5) It does not appear, except as a conclusion of the pleader, that defendant, its servants or agents for whose acts it was responsible legally, were guilty of any negligence.

(6) The alleged negligence of the servants or agents charged with negligence is not sufficiently set forth or described in the complaint.

(7) The facts set forth in said complaint as constituting negligence on the part of the defendant or its servants or agents do not, as matter of law, charge negligence.

(8) It does not sufficiently appear from said complaint that at the time said servants or agents of defendant committed the acts complained of the defendant was then legally liable to the plaintiff's intestate on account of the commission of said acts.

(9) Does not appear that the servants or agents of defendant whose acts are complained of were at that time acting within the line and scope of their employment by defendant.

(10) The alleged negligence of the superintendent of the defendant charged with negligence is not sufficiently set forth or described.

(11) The alleged defect in the condition of

the ways, works, machinery, plant, etc., used in or connected with the business of the defendant, is not sufficiently set forth and described.

(12) It does not appear as a matter of law that there was a defect in the condition of the ways, works, machinery, plant, etc., connected with or used in the business of the defendant.

(13) It does not appear with sufficient certainty what duty the defendant owed to the plaintiff's intestate.

(14) For that the averments of said counts do not constitute actionable negligence.

(15) Said counts state no cause of action against this defendant.

Burgin & Jenkins, of Birmingham, for appellant.

All the counts submitted to the jury were good, and not subject to a general demurrer, such as were the demurrers here. 194 Ala. 311, 69 South. 921; 109 Ala. 130, 19 South. 398; 97 Ala. 171, 11 South. 897; 92 Ala. 300, 9 South. 252, 25 Am. St. Rep. 47; 113 Ala. 509, 21 South. 415; 55 South. 611; 149 Ala. 460, 42 South. 824, 9 L. R. A. (N. S.) 338; 161 Ala. 417, 49 South. 859; 194 Ala. 242, 69 South. 621; 162 Ala. 665, 50 South. 300; 185 Ala. 617, 64 South. 343; 125 Ala. 369, 28 South. 70; Code 1907, § 5340.

It was competent to show the ages of the younger brothers. 164 Ala. 111, 51 South. 424; 130 Ala. 473, 30 South. 586. The rules were printed and in evidence, and parol testimony was not admissible as to them. 90 Ala. 1, 7 South. 635; 94 Ala. 602, 10 South. 167. Counsel discuss other matters, not touched on in the opinion, which are not, therefore, set forth here.

Percy, Benners & Burr, of Birmingham, for appellee.

Excessiveness of verdict is ground for setting it aside, not reviewable, unless abused. 163 Ala. 170. Evidence of the ages and conditions of the younger brothers was not admissible. 121 Ala. 113, 25 South. 814. The complaint was subject to the demurrers. 149 Ala. 529, 43 South. 33; 51 South. 303; 163 Ala. 244, 50 South. 926; 124 Ala. 349, 27 South. 455. Acquiescence in the breach of rules does not abrogate a contract executed by the employé to abide the rule. 94 Ala. 545, 10 South. 283; 97 Ala. 187, 13 South. 209; 110 Ala. 155, 20 South. 67; 110 Ala. 272, 20 South. 132; 177 Ala. 459, 59 South. 164. Counsel discuss other matters, not touched on in the opinion, and therefore not here set out.

McCLELLAN, J. This appeal is prosecuted by the plaintiff (appellant) to review, alone, the action of the trial court in granting the motion for new trial. It contained 94 grounds; but only a part of the grounds assigned are pressed in brief for appellee as justifying the action of the court in granting the motion for new trial. Louis McWilliams was a locomotive engineer, in defendant's (appellee's) service, on one of the "hot metal runs" between furnaces at Bessemer and the steel mill at Ensley; and on the night of October 3, 1918, while making the run indicated, moving one ladle of hot metal, a collision occurred, within the "yard limits" of Ensley, between his engine and a "cut" of cars left on the main track by another train crew of the defendant (appellee) that was engaged in switching in or about the Ensley yards.

[1-3] The submission to the jury was confined to the averments of counts 1, 2, 3, and 4, and the issues consequent upon pleading to the averments of those counts. Counts 1, 2, and 3 were designed to state a cause of action under our Employers' Liability Act (Code, § 3910), and count 4 attributed intestate's death to this:

"The defendant negligently failed to furnish the plaintiff's intestate with reasonably safe and suitable tools and appliances with which to perform his said work, to wit, the headlight on said engine was not reasonably safe and suitable for said work."

This count was intended to declare upon a breach of a common-law duty, and is to be referred to our Homicide Act (Code, § 2486), where the damages recoverable are punitive only. Count 1 attributes intestate's injury and death to a defect in the condition of the ways, etc., within the purview of subdivision 1 of Code (section 3910); count 2, to a breach of duty by a superintendent, under subdivision 2 of that statute (section 3910); and count 3, to a breach of duty by a person, in defendant's service, who had charge or control of a signal, etc., under subdivision 5 of the statute (section 3910). The report of the appeal will reproduce the substance of counts 1, 2, and 3, and the demurrers to them as well as to count 4. If any of the grounds of these demurrers were not general only, and hence due to be overruled under Code, § 5340, they were without merit, and were properly overruled. The only ground urged in brief as against count 4 was ground 7; and it was general. No demurrers addressed to special replications 2, 3, and 4 appearing in the record, the action of the court in overruling defendant's demurrers to these special replications cannot, under the familiar rule, be reviewed. This state of the record forbids an authoritative pronouncement upon important questions to which counsel have devoted enlightening argument. The judgment entry recites that the defendant's demurrer to special replication 5 was sustained, a ruling in favor of defendant that was not, of course, a ground of the motion. These considerations dispose of all the grounds of the motion for new trial that are referable to action taken by the trial court in passing on the sufficiency of the pleading.

In addition to a general traverse of the averments of counts 1, 2, 3, and 4, the defendant interposed pleas 2 to 11, inclusive, to each count of the complaint. All of these pleas proceed upon the theory that intestate was guilty of contributory negligence, barring a recovery if sustained in the proof. They respectively averred, either intestate's reckless operation of the engine under the circumstances described, or his violation of rules of the employer, or warning given him by a superior with respect to the operation of his engine in the "yard limits" where the collision occurred, or the binding quality of rules because intestate's employment by defendant was predicated of their acceptance and his written agreement to obey them in his service. The plaintiff, besides joining issue on each of the pleas, interposed special replications 2, 3, and 4 (omitting reference to special replication 5 for the reason already stated). Special replication 2 set up, in effect, a conflict between the "schedule," constituting, it is indicated, special instructions—he was required to make on the run in question and the rules asserted in some of the pleas—and averred the impossibility "under usual and ordinary conditions" of making the "schedule" and at the same time observing the rules pleaded. The certainty that this replication should be free from criticism, if not more—because of its omission to aver such circumstances as would bring the occasion of intestate's injury and death within the "usual and ordinary conditions" alluded to in the replications, and because of the allegation of the pleader's conclusion that the "schedule" and the rules pleaded could not have been both observed on this occasion—might be attained by the averment of facts conducing to the conclusions assumed or alleged. The absence of demurrers before mentioned forbids any authoritative decision of these matters at this time. Our purpose is simply to draw attention to the structure and substance of this replication. Special replications 3 and 4 proceeded on the theory of a waiver of the binding force of the rules set up in the pleas. Their sufficiency cannot, as stated, be considered.

[4, 5] The plaintiff was permitted to adduce much testimony descriptive of the ages and conditions of intestate's minor brothers. The only objections were that this testimony was immaterial, irrelevant, or incompetent. According to the joint effects of Code, §§ 2486, 3912, 3763, and 3754, the possible beneficiaries of the damages recoverable were, in the contingencies that the intestate left no descendants (and this intestate did not) and only one parent, the surviving dependent brothers. It developed in the testimony of intestate's mother, after the mentioned testimony was received, that intestate's father was living, though divorced from intestate's mother. This testimony was hence admissible in the contingency indicated. Neither the objections nor the grounds of motion to exclude pointed the criticism that the ages and conditions of intestate's minor brothers was matter without the issues, unless it was shown that intestate's father was not living. The court did not, therefore, err in overruling the general objections stated: and hence the pertinent doctrine of Watson v. Adams, 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565, where wholly illegal evidence was admitted, has no application. After it was shown that intestate's father was living, the court said:

"I am inclined to think all of this testimony in regard to his brothers and their conditions is all irrelevant, and I will exclude that."

Under these circumstances, very different from those considered in Watson v. Adams, supra, if the defendant was not satisfied with the declaration of the court, the defendant should have moved the court to further affirmative action in the premises, a course that was not promptly taken after the court had announced the exclusion of the testimony relating to the ages and conditions of intestate's minor brothers. The granting of the motion for new trial cannot be attributed to grounds based upon this matter. The motion to exclude, made after the close of the evidence, cannot afford the basis for the imputation of error; the court having theretofore announced the exclusion of this testimony.

A consideration of the whole evidence will not admit of the ascription of the action of the court in granting the new trial to those grounds of the motion that proceed on the theory that any one of the pleas were conclusively proven; and a like conclusion is invited by a consideration of the evidence referable to the averments of the special replications.

[6] Since the record does not disclose the statement of any ground of objection to the question designed to elicit testimony descriptive of the condition of the engine, in an hour after the collision, with respect to the "set" of the brake valve, the levers and the sand valve, error cannot be imputed to the court's action on that matter. In order to render such testimony admissible against definite objection, there should be some evidence directed to excluding the possibility that the impact did not place these appliances as the witness stated he found them, as well as to negative their "setting" or the movement of them by some one after the collision.

[7, 8] The testimony of the witnesses Mathis and Hill, respecting the customary speed of trains of the character in question, over the line at the point where this collision occurred, prior to the time intestate was killed, was admissible under the issues tendered by replication 3. According to the doctrine of L. & N. R. R. Co. v. Mothershed, 110 Ala. 143, particularly 159, 160, 20 South. 67, mere

habitual, customary violation of a rule which the employé has agreed in writing to obey will not suffice to show its abandonment or abrogation. In order to avoid the binding quality of a rule so accepted, its violation must have been of such persistent, long-continued character, known to officers or superior employés authorized to bind the employer by acquiescence in its abrogation (A. G. S. R. R. Co. v. Roach, 110 Ala. 266, 272, 20 South. 132), as to evince an assent to the rule's nonobservance. The fact, however, that such is the law's exaction to show the abrogation of a rule the employé has agreed, in writing, to obey, does not militate against the propriety of admitting testimony of the character given, in this connection, by the witnesses Mathis and Hill.

[9] The amount of the verdict was $32,500. If it is assumed, for the occasion only, that the sole grounds (of the 94 assigned in the motion for new trial) to which the action of the court could be attributed for justification are those (92, 93) bringing into question the excessiveness vel non of the verdict, the pertinent doctrine of Cox v. B. R., L. & P. Co., 163 Ala. 170, 50 South. 975, applying the familiar rule of Cobb v. Malone, 92 Ala. 630, 9 South. 738, forbids a conclusion, on the whole evidence, that the action of the trial court in granting the motion for new trial was erroneous. There is no evidence that would warrant a finding that McNabb or his switching crew or any other servant of the defendant left the "cut" of cars, in the night-time, without warning signals, on the main line, in the "yard limits," with an intent to cause injury, or wantonly, with a consciousness that by so doing injury or damage would probably result or be inflicted. Even when referred to the character of damages (punitive only) claimed under the fourth count (Code, § 2486), it cannot be affirmed that the court erred in the premises.

The judgment granting the motion is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes