(90 South. 136)

. EWING v. STATE.     (8 Div. 826.)

(Court of Appeals of Alabama.  April 5, 1921.
Rehearing Granted May 31, 1921.)

**1. Intoxicating liquors ⊙⇒13, 132—Statute prohibiting person from having possession of intoxicating liquors not superseded by Eighteenth Amendment or Volstead Act.**

Acts 1919, p. 7, §§ 1, 2, prohibiting a person from having possession of intoxicating liquor, was not superseded by the Eighteenth Amendment of the United States Constitution and the Volstead Act.

**2. Intoxicating liquors ⊙⇒216, 217—Kind nor quantity of prohibited liquors need not be alleged in prosecution for possession.**

In prosecution for having possession of prohibited liquors under Acts 1919, p. 7, § 2, prohibiting a person from having possession of "any" prohibited liquor "in any quantity whatsoever," the affidavit was not required to allege the kind or the quantity of the prohibited liquor that the defendant had in his possession.

**3. Criminal law ⊙⇒359—Testimony that 'defendant was mistaken for other person by arresting officers inadmissible.**

In prosecution for having possession of prohibited liquor, testimony that arresting officers had a warrant for arrest of another person for such offense, and that the defendant was mistaken for such person, *held* inadmissible, since such testimony could not have thrown any light on question of defendant's guilt.

**4. Criminal law ⊙⇒829(1)—Instruction covered by one given properly refused.**

Refusal of requested charge constituting a duplication of one given by the court was not error.

**5. Criminal law ⊙⇒753(1)—General affirmative charge properly refused, where evidence conflicts.**

Where the evidence was conflicting, the general affirmative charge was properly refused.

**6. Criminal law ⊙⇒815(1)—Charge predicating finding upon consideration of only a part of the evidence properly refused.**

Requested charge, which predicated a finding upon the consideration of only a part of the evidence, was properly refused.

On Rehearing.

**7. Criminal law ⊙⇒359—Witnesses ⊙⇒379(2) —Testimony that state's witness first charged another with the crime admissible.**

In prosecution for having possession of prohibited liquor, testimony that the only witness for the state, who claimed to have purchased whisky from defendant at certain hotel on certain night, first charged a person other than the defendant with the commission of the crime, and did not charge defendant therewith until discovery that first party accused was not at the hotel on the night of the alleged purchase of the whisky, by such witness, *held* admissible, being . competent for consideration by jury in determining identity of guilty party and in determining credibility to be given the testimony of such witness.

Appeal from County Court, Morgan County; W. T. Lowe, Judge.

Robert Ewing was convicted of violating the prohibition law, and he appeals.  Reversed and remanded.

S. A. Lynne, of Decatur, for appellant.

It was incumbent to allege that the offense occurred subsequent to February 20, 1919. Section 7347, Code 1907.  There is a difference between possession and custody, and temporary custody is not sufficient.  25 S. W. 289.  Counsel discuss other assignments, but without further citation of authority.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The Alabama act was not repealed by the Volstead Act or the Eighteenth Amendment. 144 Minn. 342, 175 N. W. 683;  144 Minn.' 337, 175 N. W. 685;  148 La. 31, 86 South. 602.  Counsel discuss other assignments of error, but without further citation of authority. '

MERRITT, J.  The appellant was convicted under an affidavit which charged that he "had in his possession, spirituous, vinous, fermented, malted, or other intoxicating or prohibited liquor since January 25, 1919."

[1] The first ground of demurrer raises the proposition that the act under which the affidavit is made has been superseded by the Eighteenth Amendment to the Constitution of the United States, and the act of Congress known as the Volstead Act (41 Stat. 305).  This proposition has been decided adversely to appellant's contention in State of Rhode Island v. Palmer, 253 U. S. 350, 40 Sup. Ct. 486, 64 L. Ed. 946;  Com. v. Nickerson, 236 Mass. 281, 128 N. E. 273, 10 A. L. R. 1568;  Ex parte Ramsey (D. C.) 265 Fed. 950;  State v. Hosmer, 144 Minn. 342, 175 N. W. 685;  City of Shreveport v. Marx, 148 La. 31, 86 South. 602.

The affidavit charges an offense under Acts 1919, p. 7, § 2, which makes it a crime for any one to have in possession any prohibited liquor, and any intoxicating liquor is a prohibited liquor.  It is also provided in this act (Acts 1919, p. 7, § 1) that the term "prohibited liquors and beverages" shall include all brewed or fermented liquors and beverages by whatever name called.

[2] It was not necessary to allege the kind of prohibited liquor nor the quantity of liquor the defendant had in his possession.  Under the act of 1919 it is a crime to have in one's possession "any" prohibited liquor "in any quantity whatsoever."

[3] There was no reversible error in sustaining the solicitor's objection to the question propounded to the defendant.  The fact, if it be a fact, that the arresting officers had a warrant for Bob Logan for a like offense,

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and that the defendant was mistaken for him, could have thrown no light on defendant's guilt, vel non, as regards this particular charge against him.

[4] Refused written charge 2 is a duplication of given written charge 1.

[5] The evidence being in conflict, the general affirmative charge was properly refused.

[6] Charge 4 is bad, in that it uses the word "possibility." Nichols v. State, 100 Ala. 23, 14 South. 539. It also predicates a finding upon consideration of only a part of the evidence. Cheney v. State, 172 Ala. 368, 55 South. 803.

There is no error in the record, and the judgment of the trial court is affirmed.

Affirmed.

### On Rehearing.

[7] If as a matter of fact the defendant could show that the state's witness Philips first charged another other than the defendant with the commission of the offense, and when he found that the party first accused was not at the hotel on the night of the alleged purchase by him of the whisky, that he then charged the defendant as the guilty party, we are convinced that he should have been allowed to show these facts. The trial court refused to allow appellant to make this proof. Philips was the only witness for the state, and if the defendant had been allowed to make the above proof it was competent to go to the jury, to be considered by them, in determining the identity of the guilty party, and in determining what credibility should be given to the witness Philips. If proven, those facts would have tended to bear out the defendant's contention that he was not the guilty party. We are fully convinced that the judgment of affirmance on this account should be set aside, and that the defendant's application for rehearing should be granted.

Application for rehearing granted, judgment of affirmance set aside, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.