PEOPLE *v.* COOK.

1. INTOXICATING LIQUORS — CRIMINAL LAW — COMPLAINT — SUF-
FICIENCY.

    A complaint that defendant "did then and there have in
her possession certain malt, brewed, fermented and
spirituous and intoxicating liquors, to wit: 1 broken
bottle," is sufficient to charge illegal possession of intoxi-
cating liquors, although the quantity was omitted; there
being nothing in the statute which requires that the
quantity be alleged.[1]

2. SAME—AMENDMENT OF COMPLAINT.

    There was no error in permitting amendment of the com-
plaint charging illegal possession of intoxicating liquors
to show the quantity in possession of defendant.[2]

3. SAME—EVIDENCE—SUFFICIENCY.

    In a prosecution for illegal possession of intoxicating
liquors, testimony that after defendant was placed under
arrest she threw out of her automobile onto the pavement
a package wrapped in a newspaper, that a broken bottle
was found therein, that the newspaper was wet and had
a strong odor of moonshine whisky, and that in the
opinion of witnesses familiar with the odor of whisky
said newspaper was soaked in moonshine whisky, was
sufficient to take the question of defendant's guilt to the
jury.[3]

Error to Ingham; Collingwood (Charles B.), J.
Submitted January 15, 1925. (Docket No. 129.) De-
cided April 3, 1925.

Frances Cook was convicted of violating the liquor
law, and sentenced to imprisonment for not less than
six months nor more than one year in the Detroit
house of correction. Affirmed.

[1]Intoxicating Liquor, 33 C. J. § 421; [2]Id., 33 C. J. § 421; [3]Id.,
33 C. J. § 541.

*John F. Berry* and *Thomas A. Lawler*, for appellant.

*Andrew B. Dougherty*, Attorney General, and *Barnard Pierce*, Prosecuting Attorney, for the people.

BIRD, J.    Defendant was convicted of having had in her possession, on July 19, 1924, a quantity of moonshine whisky.

1. The first assignment relates to the validity of the complaint.    It was in the following form:

"Did then and there have in her possession certain malt, brewed, fermented and spirituous and intoxicating liquor, to-wit: 1 broken bottle."

Upon examination before the justice a motion was made by defendant to quash the proceeding, whereupon the prosecutor moved to amend the complaint.    The latter motion prevailed, and after the amendment the complaint read:

"Did then and there have in her possession certain malt, brewed, fermented and spirituous and intoxicating liquor, to-wit: 1 broken bottle of moonshine whisky, contrary to the form of the statute."

This defect was called to the attention of the circuit court, and the contention was made that the justice had no power to amend the complaint because the complaint did not charge any offense known to the law. This motion was overruled, and the same point is made in this court.    We cannot agree with counsel that the complaint charged no offense before it was amended.    It clearly charged defendant with having in her possession, on the 19th day of July, 1924, a quantity of spirituous and intoxicating liquor, but it omitted to allege the quantity.    The complaint clearly charged the gist of the offense but omitted the detail of quantity.    There is nothing in our statute which requires that the quantity shall be alleged, and, under such circumstances, it has been held not to be essential.    *Ewing* v. *State*, 18 Ala. App. 166 (90 South. 136) ; *McLaughlin* v. *State*, 104 Neb. 392 (177

N. W. 744) ; *State* v. *London,* 99 Or. 189 (195 Pac. 344). Defendant was in no way prejudiced by the defect as she was granted an examination, at which she was fully informed of the charge which was made against her. We think no error was committed in permitting the amendment.

2. Defendant insists that she should have had a directed verdict. The testimony shows that when defendant was arrested she was sitting in her automobile on South street in the city of Lansing. The officer, after making some investigation, placed her under arrest, and entered her automobile and ordered her to drive to the station house. On the way, while waiting for a traffic signal, she threw a package, wrapped in a newspaper, out onto the pavement. When it struck the pavement, the officer testified that it had the sound of breaking glass. Soon after the broken glass and newspaper were picked up. A broken bottle was found, the newspaper was wet and had a strong odor of moonshine whisky. Several witnesses who were familiar with the odor of whisky testified that in their judgment the newspaper had been soaked with moonshine whisky. We think this testimony presented a question for the jury. It is perhaps true that the sense of taste determines more accurately the presence of whisky, but the sense of smell also enables one who is familiar with the odor to determine it with reasonable certainty. The sense of smell in detecting the presence of liquor has been recently recognized by this court. *People* v. *Savage,* 225 Mich. 84.

3. The errors assigned on the admission of testimony have been examined, but no reversible error found.

The judgment of conviction is affirmed.

MCDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.