CARVER, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 10—May 11, 1926.*

*Criminal law: Offenses under prohibition law: Possession of liquor: Information: Statement of offense.*

1. The validity of a search warrant is immaterial in a prosecution for unlawfully possessing illicit intoxicating liquor if no evidence procured while proceeding under the warrant is offered; but the voluntary acts of the defendant, prior to his arrest and before the search and which tended to establish guilt, were clearly admissible in evidence. p. 236.

2. Under sec. 355.09, Stats., the right to raise the question of the sufficiency of an information is waived by not raising the question before the jury is impaneled and testimony taken. p. 236.

3. An information alleging that possession of the liquor in question was "prohibited and unlawful, being in violation of section 165.01 of the Wisconsin Statutes," sufficiently charges an offense, in view of sub. (27) of that section, which provides that it is sufficient to state that the act complained of was prohibited and unlawful. pp. 236, 237.

4. The fact that accused, in the darkness of the night, went to the exact hiding place of the liquor, warranted a finding of its possession by him, as to be in the possession of the defendant it was not necessary that the liquor be in his house or on his person.  p. 237.

5. Proof of identification of the nature of the liquor by the sense of smell by one experienced in its detection is sufficient proof of its nature to sustain conviction, where the evidence is not conflicting, as the manner of identification goes to the weight, not to the admissibility, of the evidence.  p. 237.

6. Where the accused, after bargaining with a customer for the sale of a bottle of liquor, saw the officers and threw the bottle, breaking it, the fact that the customer was willing to pay more than a dollar and a half for a pint of this liquor may be considered by the jury as corroborative of testimony as to its nature.  p. 237.

ERROR to review a judgment of the circuit court for Richland county: S. E. SMALLEY, Circuit Judge. *Affirmed.*

The defendant in the trial court was found guilty by a jury of having "in his possession illicit intoxicating liquor, without first obtaining a permit from the state prohibition commissioner therefor, which said possession was prohibited and unlawful, being in violation of section 165.01 of the Wisconsin Statutes." Defendant was sentenced to pay a fine of $1,000.

On the evening of December 1, 1924, officers had secreted themselves near defendant's home. About 10 o'clock at night defendant was called from his home by a man who offered him a dollar and a half for a pint of liquor. Defendant insisted that he ought to have more money for the liquor, and, when the customer promised to pay more at a later time, defendant went to a place in a ditch or gully at the rear of his home and was seen by the officers to pick up some object from among leaves near a grape vine and to start back toward his thirsty customer. When defendant was within a few feet of the officers the sheriff halted him, told him who he was, and turned his flashlight upon him. The defendant at once threw the object which he had picked

up.   The sheriff immediately examined the place where the object had been thrown and found the ground wet and a broken bottle among the stones in the bottom of the gully where the object had been thrown by the defendant.   There was a strong odor of alcoholic liquor.   Before daylight the next morning the sheriff returned to the place where he had found the broken bottle and again detected the odor of liquor and found that there was no evidence of frost at the place where the ground was moistened by the liquid from the broken bottle, while the rest of the ground was covered with frost.

The cause was submitted for the plaintiff in error on the brief of *Hill, Thomann & Beckwith* of Madison, and for the defendant in error on that of *William H. Stevenson,* district attorney of Richland county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general.

STEVENS, J.   1. The validity of the search warrant which was in the possession of the officers on the evening of December 1, 1924, is not in issue here, because no evidence procured by the officers while proceeding under the search warrant was offered at the trial.   The only proof offered was that of the voluntary acts of the defendant prior to the time of his arrest and before any attempt was made to conduct a search pursuant to the warrant.   The acts and conduct of the defendant tending to establish his guilt were clearly admissible in evidence.

2. The sufficiency of the information is questioned for the first time in this court upon appeal.   The defendant waived his right to make this objection by not raising that question before the jury was impaneled and testimony taken.   Sec. 355.09, Stats.   But were the question before the court, the allegation that the possession of the liquor in question was "prohibited and unlawful, being in violation of section

165.01 of the Wisconsin Statutes," is a sufficient statement of the offense under sub. (27) of sec. 165.01 of the Statutes that "it shall be sufficient to state that the act complained of was prohibited and unlawful."

3. The evidence was sufficient to warrant the jury in finding every fact essential to establish the guilt of the defendant. The fact that the defendant went in the darkness of the night to the exact place where the liquor was secreted warranted a finding that the liquor was in the possession of the defendant. To be in the possession of the defendant it is not necessary that the liquor be in the house or upon the person of the defendant.

There is no conflict in the proof that the liquor in the broken bottle was an alcoholic liquor fit for beverage purposes. It is sufficient that one experienced in the detection of such liquor, as was the sheriff, identify the liquor by the sense of smell. *People v. Cook,* 230 Mich. 211, 203 N. W 92, 93. The fact that the alcoholic content of the liquor was detected by the sense of smell alone goes to the weight, not to the admissibility, of the evidence. The weight of such evidence is for the jury. *People v. Savage,* 225 Mich. 84, 195 N. W. 669. The fact that defendant's customer was willing to pay more than a dollar and a half for a pint of this liquor was a fact that the jury had the right to consider as tending to corroborate the testimony of the sheriff as to the nature of the liquor.

The jury also had the right to consider that the defendant kept this liquor secreted back of his home and that he destroyed the bottle which contained it immediately when accosted by the officers, even though he had a customer waiting who was ready to pay more than a dollar and a half a pint for it. This fact may well have led the jury to find that this was not government bonded liquor or any other kind of liquor lawfully in the possession of the defendant. Had

he been lawfully in possession of this liquor, the presence of the officers of the law would not have prompted him to destroy such a precious fluid with such undue haste.

The court finds no errors in the trial of the case and believes defendant had a fair trial and that his guilt was fully established by the proof.

*By the Court.*—Judgment affirmed.