166 So. 715

**WILSON v. STATE.**

4 Div. 226.

Court of Appeals of Alabama.

Nov. 26, 1935.

Rehearing Denied Jan. 21, 1936.

Winn & Winn, of Clayton, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The sheriff of Barbour county with two deputies, acting under a search warrant, searched the premises of defendant and in the house found a small bottle with a small quantity of whisky in it and in the house and on the premises they found other bottles and jugs, some of which smelled of whisky, and there was also an oil drum, suitable to be used in manufacturing whisky and containing some sour mash, such as is used in the manufacture of whisky. This drum was found in the yard back of the house. In a pasture adjoining defendant's cow pen and about 175 yards from defendant's house, was found a gallon jug of red whisky. There was a path leading from the house to the pasture in which were tracks similar to those of defendant. The whisky found was about 10 steps from where the path ended.

■ There were numerous objections to evidence, none of which are insisted on in brief. Nor would the objections have availed the defendant anything if they had been insisted on. They were all general, and no grounds were stated, and as such were properly overruled. McWilliams v. Birmingham Southern R. Co., 204 Ala. 53, 85 So. 293.

■ Defendant in brief insists that the court erred in his oral charge to the jury, but no exception is reserved to any part of the oral charge, and there is nothing for this court to review. Parties excepting to parts of the court's oral charge must have the exception noted at the close of the charge and have the excerpt with the exception incorporated in the bill of exceptions. Daily v. Quinn, 208 Ala. 398, 94 So. 523.

■ The appellant states in brief that no whisky was found except the one gallon in the pasture. In this he is in error. All of the witnesses testify to a small amount of whisky in a pint bottle found in defendant's house, among other bottles and jugs that smelled of whisky. The quantity of whisky found in possession of a defendant is of no moment. Under our decisions a small amount of whisky will suffice for a conviction. Ewing v. State, 18 Ala.App. 166, 90 So. 136.

■■ The charge of unlawfully possessing whisky may be established by circumstantial evidence as well as by direct testimony, and the testimony in this case, while entirely circumstantial, was sufficient upon which to predicate a verdict of guilt. Walker v. State, 19 Ala.App. 20, 95 So. 205.

We find no error in the record, and the judgment is affirmed.

Affirmed.

On Rehearing.

■ This prosecution was begun in the county court by affidavit and warrant charging that defendant did buy, sell, or have in his possession illegally, etc., prohibited liquors, etc., contrary to law, on March 17, 1934. In the county court he was convicted, and from that judgment he appealed to the circuit court, where the solicitor filed a complaint corresponding with the original affidavit, except that it omitted the date of March 17, 1934.

The filing of the solicitor's complaint was unnecessary by reason of section 4646, Code 1923, and added to and took nothing away from the original complaint. The charge, therefore, was the same in the circuit court as it was in the county court. Moreover, there was no pleading or reserved exceptions raising this point.

■ If there was a variance between the allegations of the charge and the proof, such questions should have been raised by the general charge, which was not done.

Application overruled.