# Cowan v. Motley.

*Action of Assumpsit.*

125　369
132　273

1. *Attorney's fee; contract therefor with married woman not enforceable unless made with the written consent of the husband.*—A contract by a married woman for the services of an attorney, which was made while the Code of 1886 was in force, is not binding upon her unless it was made "with the assent and concurrence of her husband expressed in writing," as provided by section 2346 of such Code; and the fact that the fees contracted to be paid to the attorney were for services rendered by him in suits concerning the separate estate of a married woman, does not render her liable upon said contract, nor does the fact that at the time of the institution of such suit a married woman was required to sue alone on all contracts made by or with her, authorize her to enter into a contract for the payment of attorney's fees for the institution of such suit, without the written assent or concurrence of her husband.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This action was brought by the appellee, George D. Motley, against the appellant, Nellie A. Cowan; and

24

[Cowan v. Motley.]

sought to recover an attorney's fee, which it is alleged the defendant contracted to pay the plaintiff.

The only question presented on the present appeal is the ruling of the court upon the demurrers to the pleas of the defendant to the third and fourth counts of the amended complaint. The facts pertaining to these rulings are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment for the plaintiff. The defendant appeals, and assigns as error the sustaining by the court of the plaintiff's demurrer to the defendant's pleas to the third and fourth counts of the amended complaint.

S. W. JOHNSTON, for appellant.

AMOS E. GOODHUE, BURNETT & CULLI and GEO. D. MOTLEY, contra—Under the statute the wife must sue alone for the recovery of her separate property or upon contracts made by or with her. Code, § 2357. When a married woman sues alone to recover property claimed as belonging to her statutory separate estate, she incurs a personal liability for the costs. It would seem to follow logically that, having the power to bring suit, and being in such suit responsible for costs, she must be held competent to contract for the services of an attorney to represent her rights. We think the right to contract for such services is necessarily incident to and included in her right to bring suit.—Wolcott v. Patterson, 43 Am. St. Rep. 456. So by implication a statute authorizing a married woman to sue and be sued alone, empowers her to employ counsel to represent her.—14 Am. & Eng. Encyc. Law, 667; Stevens v. Reed, 112 Mass. 515; Glover v. Moore, 60 Ga. 189; Powers v. Totten, 42 N. J. Law, 442.

HARALSON, J.—The only question presented in brief of counsel for appellant, defendant below, was the sustaining of the demurrer to the pleas of defendant to the third and fourth amended counts in the complaint.

The defense attempted was that the defendant was a married woman at the time she engaged the plaintiff to bring the suits, and she did not have the written consent of her husband to make a contract with plaintiff to bring said suits, as required by section 2346 of the Code of 1886, of force then, but not under the Code of 1896.

The plea of defendant went to the third and fourth counts together. The third was for work and labor done for defendant by plaintiff as an attorney, and the fourth, for services rendered by plaintiff for defendant as attorney in bringing suits for her, under a contract with her for such service. The plea was "that at the time the alleged services were rendered, defendant was and is now a married woman, the wife of Sam Cowan, and did not have the written assent or concurrence of her said husband to the contract with plaintiff, or to make the alleged contract sued on."

The first ground of demurrer was: "Said plea is no answer to the third and fourth counts of the complaint." Nothing could be more general than this objection. The second was: "Said plea does not set out such facts as constitute a traverse or a confession and avoidance of the facts stated in the third and fourth counts of said complaint." This, also, is a mere general objection to the plea without pointing out distinctly the ground of objection. The plea may be defective, but the ground of demurrer carefully fails to point out in what the defect consists. The reason for requiring by statute the causes of demurrer to be distinctly shown is that defects in pleading may be so distinctly pointed out as that the party pleading may be apprised of their existence, and have opportunity to cure them by amendment if he can. *Sledge v. Swift,* 53 Ala. 110; *Moore v. Heincke,* 119 Ala. 634. The third and only other ground is that "Said counts show on their face, that the claims sued for was for fees incurred by defendant to plaintiff as an attorney in suits about her separate estate, and were such contracts as she had the right to make and bind herself" (for). A sufficient reply to this ground of demurrer is that there was no exception in the statute referred to, authorizing a married woman to make a contract with a third person, such as is described in the complaint, with-

[Gamble *et al.* v. Aultman & Co.]

out the written consent of her husband. The terms of the statute were: "The wife has full legal capacity to contract in writing as if she were sole, with the assent and concurrence of her husband expressed in writing." Without this she had no capacity to contract at all, and this requirement of statute was to enable her to contract in the mode and manner designated, and in no other way. It was enabling and restrictive.—*Scott v· Cotten,* 91 Ala. 623; *McAnally v. Ala. Insane Hospital,* 109 Ala. 113.

It is urged, however, that as a married woman was then (as now) required to sue alone on all contracts made by or with her, she was authorized as a matter of necessity to incur the incidentaal obligations of so doing. This was true under the former statute, as to all such liabilities as were cast on her by law, such as the payment of costs.—*Askew v. Renfro,* 81 Ala. 360. This liability proceeded on the principle that she could not reap the benefits of litigation she was authorized to institute, without incurring its burdens. But, an attorney's fee was not an incidental obligation to litigation that the *law* cast upon her. It was a matter of negotiation and contract, like any other lawful subject of an agreement with her, one as to which the law presumed she needed the counsel and concurrence of her husband before making, as any other she might make.

The demurrer to the pleas should, for the reasons stated, have been overruled.

Reversed and remanded.