(79 South. 248)

FRUITTICHER ELECTRIC CO. v. BIRMINGHAM TRUST & SAVINGS CO.

(6 Div. 706.)

(Supreme Court of Alabama. June 6, 1918.)

1. BILLS AND NOTES ☞489(3)—ISSUES AND PROOF—DEFENSES—GOOD FAITH.

In action on notes, the defense that plaintiff was not a bona fide holder, but merely gave credits to the payee, and on nonpayment at maturity charged the amount of the notes against the payee's account, was not available in the absence of allegation that at or after maturity there were funds to the credit of the payee applicable in satisfaction, in whole or in part, of the notes.

2. APPEAL AND ERROR ☞231(2) — PRESERVATION OF GROUND OF REVIEW—DEMURRER.

Since under Code 1907, § 5340, the court's consideration is limited to the grounds of demurrer distinctly stated, it will not consider the sufficiency of a plea as against a ground not specified in the demurrer.

3. BILLS AND NOTES ☞356 — BONA FIDE PURCHASERS — CREDIT — "PURCHASER FOR VALUE."

A mere credit does not constitute a purchase of a note for value.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Purchaser for Value.]

4. BILLS AND NOTES ☞489(5)—PLEADING—SUFFICIENCY.

In action on note, defense that plaintiff was not a bona fide holder, having merely given the payee credit on the notes, and having charged them against him when the notes were not paid at maturity, was available under the general issue.

5. APPEAL AND ERROR ☞1040(9)—HARMLESS ERROR—RULING ON DEMURRER.

No error can be predicated on a ruling sustaining demurrer to a plea which by amendment was left without any averment of facts.

6. APPEAL AND ERROR ☞1040(7)—HARMLESS ERROR—DEMURRER.

Error cannot be predicated on the sustaining of a demurrer to a plea when proof of the identical facts might have been made under a different plea on which issue was joined.

7. BILLS AND NOTES ☞371—PLEADING—SUFFICIENCY.

That plaintiff knew defendant was an accommodation maker, and after obtaining such knowledge the payee had on deposit with plaintiff sufficient money to satisfy the note and subject to payment thereof, which was not so applied, was a good defense.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Assumpsit by the Birmingham Trust & Savings Company against the Fruitticher Electric Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Plea A is the general issue in the following form:

It denies each and every allegation contained in the complaint, and each count severally and separately, and says that the same are not true, and that defendant is not indebted to plaintiff.

Plea 9:

That in answer to each and every count of the complaint separately and severally defendant says that at the time said note was indorsed to plaintiff by the Turner Electric Supply Company plaintiff was, and has ever since been, and is now engaged in the banking business in Birmingham, Ala., and said Turner Electric Supply Company was at the time of said indorsement and at the maturity of said note a customer and depositor of plaintiff, and was indebted to plaintiff in an amount greater than the amount of said note at the time of said indorsement, and as a sole consideration of said indorsement and transfer of plaintiff of said note said account of Turner Electric Supply Company with plaintiff was given credit for the amount of said note, less certain alleged discount charges made by plaintiff, and upon the nonpayment of said note at the maturity thereof said account of Turner Electric Supply Company with plaintiff was charged with the full amount of said note, and all the interest due thereon under and in pursuance of a custom and usage then in force and effect and existing between plaintiff, and said Turner Electric Supply Company, and thereby received full accord and satisfaction of said note as an obligation of defendant to plaintiff.

This plea was afterwards amended by adding:

Defendant avers that before and at the time plaintiff acquired said note, and before and at the time same was indorsed to plaintiff, and before and at the time plaintiff paid value therefor, plaintiff had actual knowledge of the facts set forth in this plea.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This amendment was added to each one of the pleas except pleas A and 14.

(10) Same as 9, with the additional averment that defendant was thereby released from further obligation to plaintiff on said note.

(11) Same as 9, with the additional averment that thereby defendant's obligation to pay said note became the property of the Turner Electric Supply Company.

(12) Same as 9, with the additional averment that thereby the legal title to said note as an obligation of defendant was vested in the Turner Electric Supply Company.

(13) For answer to the first, second, third, fourth, and seventh counts of the complaint, severally and separately, defendant says that prior to the execution of the note sued on defendant executed a certain note to the Turner Electric Supply Company, which said note was by defendant renewed one or more times, and that the note sued on is merely a renewal of said original note, or a renewal of a renewal of said original note, and defendant avers that said original note was executed by it without consideration, and that it did not, and has not received any valuable consideration for the execution by it of said original note, or of any renewal thereof. Defendant avers that at or about the time of the indorsement by the Turner Electric Supply Company of the note herein sued on, or of the original note hereinabove mentioned, said Turner Electric Supply Company was indebted to plaintiff in a large sum of money, and said accounts of Turner Electric Supply Company with plaintiff were given credit to the amount of said original note—and then concludes as does plea 9.

Plea X: ·

The note upon which the action was founded was not executed by defendant or by any one authorized to bind it in the premises, and it makes oath that this plea is true.

J. L. Drennen, of Birmingham, for appellant. Tillman, Bradley & Morrow, of Birmingham, for appellee.

SAYRE, J. The Birmingham Trust & Savings Company sued the Fruitticher Electric Company in eight counts, in each of which plaintiff counted upon a different promissory note executed to the Turner Electric Supply Company and indorsed to plaintiff by the last-named company. Each count of the amended complaint alleged, in effect, that by the Turner Company's indorsement plaintiff became and still was the holder in due course of the note therein declared upon.

Demurrers were sustained to a number of defendant's special pleas, and we find it necessary to state our conclusion with respect to these several rulings, and we note, as important in the consideration of some of them, that each and every one of these pleas was amended (transcript, p. 13) so as to show that before said indorsement plaintiff had actual knowledge of the facts alleged.

[1-4] Plea 13 contained different elements, but the main idea of this plea and of pleas 9, 10, 11, and 12, each addressed to the counts severally and separately, seems to have been to defend on the ground that plaintiff was not a purchaser for value for the reason that the sole considerations moving to the Turner Electric Company for its indorsement of the notes in suit were credits given upon the books of the plaintiff, and that at maturity of the notes and upon nonpayment thereof the account of the Turner Electric Supply Company with plaintiff was charged with the full amounts of said notes. The defense thus attempted—it is· variously labeled in the several pleas, but came to the same thing in all of them—was not available in the absence. of an allegation that at or after the maturity of the notes held by plaintiff, and at the time the notes were charged back to the Turner Electric Supply Company, that company had funds to its credit with plaintiff applicable in satisfaction, in whole or in part, of the notes. But the demurrer did not take this ·point against the pleas, and under the statute (Code, § 5340) our consideration is limited to the grounds of demurrer which are distinctly stated. True, the pleas allege that the sole considerations for the assignments of these notes were credits given, and a mere credit does not constitute a purchase for value (Sherrill v. Merchants & Mechanics T. & S. Bank, 195 Ala. 175, 70 South. 723); in other words defendant deemed it necessary to the defense it was attempting to formulate in these pleas to allege a fact which went in denial of the complaint, where, as we have stated, it is alleged that plaintiff was a holder in due course. The defense of these pleas, thus limited, might have been shown under plea A, which went to the jury. But that was not the idea of these pleas, nor could defendant have had the benefit of it under plea A. However, as we have indicated, it was error to sustain demurrers which failed to point out the real objection to the pleas.

[5, 6] By its last amendment of plea 14, as appears from the amendment shown at the bottom of page 13 of the transcript, that plea was left without averment of facts. No error can be predicated of the ruling which, by sustaining a demurrer, eliminated this so-called plea from the record. Or, if appellant would insist upon error in the ruling against its original plea 14—the assignment does not say which ruling it intends to draw into question—it can take nothing thereby, for the reason that proof of the identical facts might have been made under plea X, on which issue was joined. Appellee cites authorities (Jordan v. Collins, 107 Ala. 572, 18 South. 137; First National Bank v. Winchester, 119 Ala. 168, 24 South. 351, 72 Am. St. Rep. 904; 1 Cook on Corporations, p. 12) to the point that, no question of public policy or statutory mandate intervening, a corporation, that is, all its shareholders, may agree to, and render binding acts of officers and agents which are ultra vires, acts without the charter powers; and such acts, when done without authority, may be ratified and validated by the shareholders, and such ratification may be by silent acquiescence on their part; but the intention of the plea is to raise a question as to those powers of the corporation which

are to be implied from the face of its articles of incorporation. If appellee intended to justify on the theory of the authorities mentioned above, it occurs to us that, in the state of the antecedent pleading, it should have brought forward the facts by replication.

[7] We take the gist of plea 16 to be that defendant was an accommodation maker of the notes sued on, of which fact plaintiff had knowledge, and that "after the time plaintiff obtained said knowledge said Turner Electric Supply Company had on deposit with plaintiff sufficient money or funds of Turner Electric Supply Company with which to fully satisfy said note, which said money was subject to the payment of said note." This plea was designed to assert the proposition of Tatum v. Commercial Bank & Trust Co., 193 Ala. 120, 69 South. 508, L. R. A. 1916C, 767, namely that a bank holding a note indorsed to it by the payee knowing that it was made for the payee's accommodation, and failing, upon the note's falling due, to apply to its payment enough of the payee's deposit to pay the note, thereby discharges the accommodation maker, and, as for any objection taken by the demurrer, we are unable to see that the plea does not state a good defense. This was a plea in confession and avoidance, and the defendant had not the advantage of it elsewhere or otherwise. The court's rulings on the evidence seem to indicate an opinion that the defense was not available in any event. We are not clear as to that, for the court may have been of the opinion that the evidence failed to show that any of the notes were made for accommodation; but, however that may have been, rulings on the evidence cannot help the rulings on the pleading. The same defense was set up in plea 18, to which, as amended, demurrer was sustained.

Other assignments of error need not be considered, since it is clear that the pleadings will be recast.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.