[Civ. No. 16458.    First Dist., Div. Two.    July 22, 1955.]

JAMES MARTIN MacINNIS, Respondent, v. GRACE S POPE, Appellant.

Samuel Vartan for Appellant.

Sullivan, Roche, Johnson & Farraher for Respondent.

NOURSE, P. J.—Plaintiff sued on a written contract for legal services. Defendant answered admitting the execution of the contract but alleging that she had cancelled it. The defendant failed to appear at the trial and offered no witness in her behalf. At the conclusion of plaintiff's case the trial court instructed the jury to bring in a verdict for plaintiff. The defendant also filed a cross-complaint and counterclaim for an alleged libel. Respondent states in his brief that an order was made for a judgment on the pleadings for cross-defendant. No order of that nature appears in the clerk's transcript, but, from the reporter's transcript it appears that a motion was granted for such a judgment, and no record is made of the grounds of the motion or of the opposition to it. ▮ Though a judgment on a cross-complaint is reviewable on the appeal from the main judgment something more than mere argument is necessary to show error unless that can be determined on the face of the record.

Plaintiff's complaint pleaded that the written contract between attorney and client provided: "Out of the proceeds of any sums of money collected, whether by negotiation and settlement, court award, or otherwise, Grace S. Pope will

pay unto James Martin MacInnis twenty per cent (20%) thereof, as his fee for representing her, in addition to costs and expenses advanced in the prosecution of the same affairs.''

''Plaintiff recovered and/or collected, on behalf of defendant, GRACE S. POPE, from the estate of the late W. K. POPE, also known as W. KENNETH POPE, and/or his personal representatives, the total sum of $150,000, from and out of efforts thus undertaken by plaintiff, pursuant to said agreement; defendant, GRACE S. POPE, accepted said recovery and/or collection, in the total sum of $150,000, and has in fact received, from and out of said undertaking, the total sum of $150,000.''

Though defendant denied all these allegations (including the admitted receipt of the moneys collected for her) she refused to appear in court or to offer any evidence in her behalf.

Two questions arise on the appeal. (1) Did the trial court commit error in directing the verdict for plaintiff? The answer is no. The undisputed evidence is that the controversy involved the defendant's claim against her former husband's estate for alimony occurring after his death; that she employed plaintiff to collect such claim and agreed to pay him a fixed fee; that a settlement was made with the estate on July 11, 1952; that in August 1952 she received the moneys in settlement; and that on September 11, 1952, defendant purported to repudiate the agreement and to discharge plaintiff as her attorney when he attempted to collect his fee.

This is not a case of ''reasonable value.'' Plaintiff sued on a written contract fully performed. ■ It would seem unnecessary to cite authority for the point that when an attorney fully performs the services required by the contract he is entitled to the fee stipulated in the contract. The authorities cited by appellant relating to the cases when the contract is breached before full performance have no relation to these issues.

(2) Did the trial court commit error in entering judgment on the cross-complaint? The answer is no so far as appears from the record.

■ The cross-complaint wholly fails to plead a cause of actionable libel. The language complained of appears in the statement of plaintiff that, following the settlement: ''I got the check from the bank. As one of her attorneys, I said I would be glad to take it down to Beverly Hills and have her sign the settlements papers.

"I handed her the check and the papers to sign. She shoved both check and papers down into her bosom and ran down a terrace. I haven't seen her since."

Appellant contends that there was some sort of libel in the "implication" or "inference" that she was thereby accused of stealing the check and the settlement agreement. But both belonged to her and were delivered to her as her property. How can one be charged with theft for taking that which rightly belongs to him? It is also suggested that there is some sort of implied libel in plaintiff's reference to the place of deposit. We cannot follow this argument either. It seems to be more probable that plaintiff was merely referring to a well-known place of deposit for women's valuables and that he meant it as a compliment rather than as a libel.

The whole case pleaded in the cross-complaint and counterclaim is just so much trash and nonsense. If the record should show that judgment was entered for respondent we would unhesitantly say that judgment was proper.

The judgment on plaintiff's complaint is affirmed. Whatever was done on the cross-complaint and counterclaim adverse to appellant is affirmed.

Dooling, J., and Kaufman, J., concurred.