141 So.2d 192

Hugh W. AGRICOLA, Jr.

v.

VULCAN MATERIALS COMPANY, doing business as Birmingham Slag Company.

7 Div. 533.

Supreme Court of Alabama.

May 10, 1962.

**386**

Hugh W. Agricola, Jr., Gadsden, for appellant.

Hinton & Torbert, Gadsden, for appellee.

GOODWYN, Justice.

This is a suit brought by appellee against "Hugh W. Agricola, Jr., individually, Don Byrd, individually, and Hugh W. Agricola, Jr., and Don Byrd, doing business as Don Byrd Paving Company", to recover on an account for materials furnished said defendants. The trial court, after an oral hearing of the testimony, rendered judgment in plaintiff's favor "against the defendants." From the "appeal and supersedeas bond" it appears that only defendant Agricola appeals. There was no motion for a new trial.

Purportedly, there are assignments of error presenting the following six questions: (1) Whether the trial court erred in not ruling on defendants' demurrer to the complaint; (2) whether the judgment was "contrary to the evidence", "contrary to the law", and "contrary to the law and the evidence in the case"; (3) whether the judgment "is vague and uncertain as to whom judgment was rendered against"; (4) whether defendants' motion to exclude plaintiff's evidence should have been

granted; (5) whether defendants should have been allowed to testify "on defendant's reason for not filing the certificate of incorporation"; (6) whether the court erred in "ruling on relevancy of other corporation's management." We put to one side any question as to whether the purported assignments of error are sufficient to invite a review. We will exercise our discretion and consider them to the extent that we are able to ascertain from appellant's brief what is relied upon for reversal.

(1)

The rule is that unless a party secures a ruling on a demurrer it will be presumed on appeal that the demurrer was withdrawn or abandoned. Evans v. Evans, 264 Ala. 2, 6, 84 So.2d 337; Newman v. Borden, 239 Ala. 387, 390, 194 So. 836; Donaldson v. Foreman, 213 Ala. 232, 233, 104 So. 406; Sloss-Sheffield Steel & Iron Co. v. Holloway, 144 Ala. 280, 284, 40 So. 211; Alabama National Bank v. Hunt, 125 Ala. 512, 518, 28 So. 488; Elyton Land Co. v. Morgan, 88 Ala. 434, 435, 7 So. 249. Accordingly, failure of the record to show a ruling on the demurrer is not reversible error.

(2)

Appellant argues that the evidence is not sufficient to show his personal liability for the account. Although appellant's brief does not meet the requirements of Supreme Court Rule 9, 261 Ala. XIX, XXII, prescribing that appellant's brief shall contain "a condensed recital of the evidence given by each witness in narrative form * * * bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely," we have examined the record and find that there is sufficient evidence, or reasonable inferences therefrom, supporting the trial court's finding against appellant.

(3)

Aside from any other reason why this assignment is without merit, we find no vagueness or uncertainty in the judgment.

**(4)**

When the plaintiff rested, appellant made an oral motion to exclude plaintiff's evidence on the ground that plaintiff "hasn't brought in anything to tie me with this account." Aside from any other reason why this assignment is without merit, there was no error in refusing the motion because, as already noted, there was evidence, or reasonable inferences therefrom, showing appellant's liability for the account.

**(5 and 6)**

■ These purported assignments are not argued at all and must, therefore, be considered as waived. Supreme Court Rule 9, 261 Ala. XIX, XXII.

There being no error to reverse, the judgment appealed from is due to be affirmed.

Affirmed.

SIMPSON, MERRILL and COLEMAN, JJ., concur.