208 So.2d 201

Charles B. LOGAN

v.

Hugh WINDBIGLER and Jeff Shoots.

1 Div. 457.

Supreme Court of Alabama.

March 14, 1968.

Wilters & Brantley, Bay Minette, for appellant.

**2**

J. B. Blackburn and Jas. R. Owen, Bay Minette, for appellees.

COLEMAN, Justice.

Plaintiff appeals from a judgment for defendants in an action for personal injury sustained by plaintiff as the result of a collision between plaintiff's truck and a motor vehicle owned by one defendant and being operated by the other defendant.

The allegations of the complaint are that plaintiff was standing between his truck and a third vehicle when one of the defendants drove the other defendant's vehicle into the rear of plaintiff's truck, thereby crushing plaintiff.

Defendants filed a plea of the general issue and a plea of contributory negligence. The latter plea recites:

"2. At the time and place complained of in the complaint the plaintiff was himself guilty of negligence, which proximately contributed to his injuries and damages, hence he should not recover."

Plaintiff demurred to the plea of contributory negligence on the following ground:

"That this is an attempt to plead contributory negligence; and that said plea does not set out contributory negligence with sufficient particularity."

The court overruled plaintiff's demurrer. The case was submitted to the jury who returned a verdict for defendants.

Plaintiff's assignment of error is that the court erred in overruling his demurrer to the plea of contributory negligence.

Defendants appear to admit that their plea of contributory negligence is subject to appropriate demurrer and we are inclined to agree.

To support a claim of contributory negligence, the plea must aver facts which raise a duty to defendant imposed on plaintiff by law and a negligent breach of that duty which must be shown by the allegations of the plea to have been a proximate contributing cause of plaintiff's injuries. Walker v. Bowling, 261 Ala. 46, 49, 72 So.2d 841; Williams v. Pope, 281 Ala. 388, 203 So.2d 105, 107.

In the instant case, defendants' plea does not aver any facts but states as a conclusion that plaintiff was himself guilty of negligence which proximately contributed to his injuries. No facts are averred to show a duty owed by plaintiff to defendants and no facts are alleged to show a breach of that duty.

Defendants say, however, that the court ought not to be put in error for overruling the demurrer because the demurrer does not

specify how or in what manner the substance of the plea was objectionable. Defendants rely on § 236, Title 7, Code 1940, which recites:

"No demurrer in pleading can be allowed except as to matters of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer."

Defendants rely also on principles stated in opinions of this court as follows. Under the statute, § 236, supra, our consideration is limited to the grounds of demurrer which are distinctly stated, and it was error to sustain demurrers which failed to point out the real objections to the pleas. Fruitticher Electric Co. v. Birmingham Trust and Savings Co., 201 Ala. 676, 677, 79 So. 248. Our statute requires specification of defects. The consideration on demurrer to a plea susceptible of healing amendment is restricted to grounds assigned within the rule of the cited statute. Birmingham Ry. Light & Power Co. v. Barranco, 203 Ala. 639, 643, 84 So. 839. Defendants say the instant demurrer does not in any way sufficiently specify the objection to the plea, and, therefore, the demurrer was properly overruled.

In a case where this court reversed for error in sustaining demurrer to pleas, this court said:

"The first ground of demurrer was,— 'Said plea is no answer to the third and fourth counts of the complaint.' Nothing could be more general than this objection. The second was,—'Said plea does not set out such facts as constitute a traverse or a confession and avoidance of the facts stated in the third and fourth counts of said complaint.' This, also, is a mere general objection to the plea without pointing out distinctly the ground of objection. The plea may be defective, but the gound of demurrer carefully fails to point out in what the defect consists. The reason for requiring by statute the causes of demurrer to be distinctly shown is, that defects in pleading may be so distinctly pointed out as that the party

pleading may be apprised of their existence, and have opportunity to cure them by amendment if he can. . . ." Cowan v. Motley, 125 Ala. 369, 371, 28 So. 70, 71.

In Scharnagel v. Furst, 215 Ala. 528, 531, 112 So. 102, 104, this court said:

". . . The assigned ground that 'the plea is no answer to the complaint' is but a general demurrer, and is not available for impeachment of the plea, however defective it may be. (Citations Omitted.)"

The instant demurrer does allege that the defendants' plea does not set out contributory negligence with sufficient particularity, but the demurrer fails to state wherein the allegations are deficient.

In McWilliams v. Birmingham Southern R. Co., 204 Ala. 53, 85 So. 293, plaintiff sued for wrongful death of her intestate. This court considered the rulings of the court on demurrer to the complaint. With respect to count 4, which charged that defendant was guilty of negligence, this court said:

". . . The only ground urged in brief as against count 4 was ground 7; and it was general. . . ." (204 Ala. at page 55, 85 So. at page 295)

Ground 7 of the demurrer recited:

"The facts set forth in said complaint as constituting negligence on the part of the defendant or its servants or agents do not, as matter of law, charge negligence." (204 Ala. at page 54, 85 So. at page 294)

Ground 7 stated that the facts set forth as constituting negligence do not, as matter of law, charge negligence. In the instant case, the demurrer states that the plea does not set out contributory negligence with sufficient particularity. Both ground 7, supra, and the instant demurrer state, in substance, that the facts alleged do not constitute negligence, and we are of opinion that the instant demurrer is also general and was properly overruled under § 236, Title 7, because the instant demurrer fails to specify in what particular the instant

**4**

plea failed to set out contributory negligence.

Error not being shown, the judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.