246 So.2d 459

Stephen W. BLACKBURN and
Bradley Blackburn

v.

James H. TOMPKINS.

8 Div. 28.

Court of Civil Appeals of Alabama.

March 31, 1971.

572

Wilson & Collier, Florence, for appellants.

James H. Tompkins, pro se., James E. Smith, III, and James L. Hunt, Tuscumbia, for appellee.

**BRADLEY, Judge.**

The action filed in this case resulted from the alleged breach of a written contract wherein the appellee, an attorney, had agreed to represent the appellants, two brothers, in an effort to have set aside the will of their deceased father.

The consideration set forth in the contract of employment provided that $1,000.00 in cash was to be paid upon signing of the contract, and an additional $8,000.00 to be paid when and if the will should be declared a nullity; but, in the event a settlement was reached between the appellants and the widow and heirs of their father, the appellants would be required to pay appellee only $5,000.00.

A proceeding was filed by appellee in the Circuit Court of Colbert County, Alabama on August 30, 1967 on behalf of appellants, seeking to have the will of their deceased father declared a nullity.

On the day set for trial, in January 1968, with all parties and counsel being present, a settlement was reached by the parties and their counsel. The settlement terms were reduced to a decree and submitted to the court. The decree was not signed, and the case was continued to May 1968.

The case came on for hearing again in May 1968, but prior to trial, a settlement was reached, and this time the settlement decree was signed by the trial judge.

The case at bar was tried before a jury on the basis of an amended complaint and pleas of the general issue.

The appellants had filed several special pleas, to which demurrers had been sustained.

On the day set for trial, and after the jury had been struck, Bradley Blackburn, one of the appellants, appeared in court without an attorney and proceeded to represent himself.

Also on this same day, but before trial commenced, Stephen Blackburn, the other appellant, moved that the trial judge recuse himself; however, this motion was denied.

Upon the trial of the present case, appellee testified that he and the appellants were present at all the conferences held

prior to and including the one where the settlement was agreed to by the parties, and that he met with appellants in the presence of James Smith, an attorney associated for the trial of the will contest, shortly after the settlement to discuss his fee.

Appellee testified that he told appellants that he would reduce his fee to $4,000.00 and give them until July 1, 1968 to pay it.

Stephen Blackburn testified that he discharged the appellee as his attorney in January 1968, and that he called Judge Deloney and advised him that he was through with the case.

The testimony as to whether or not Stephen Blackburn discharged appellee as his attorney prior to the settlement is in dispute.

Mr. Murray Beasley, a guardian ad litem in the will contest, stated that appellee was representing Stephen Blackburn at the time of the settlement of the will contest in May 1968. Mr. Beasley also testified that Stephen Blackburn at no time told him appellee was not Blackburn's lawyer.

Mr. Harold Hughston, attorney for the estate and executrix, stated that appellee filed the will contest and participated in all settlement negotiations, and at no time did Stephen Blackburn disclaim appellee as his lawyer.

Appellant, Stephen Blackburn, testified that he did not participate in any conferences concerning a settlement of the will contest in May 1968.

Judge Deloney testified that he was the presiding judge in the will contest, and that he recalled Stephen Blackburn calling him, but could not remember whether Blackburn told him he was withdrawing as a plaintiff in the will contest or not; but Judge Deloney also stated that had appellant wanted to be dismissed as a party plaintiff, he—Deloney—would have taken steps to get it done.

At the conclusion of the evidence the court orally granted a motion for judgment nil dicit against Bradley Blackburn; however, such a judgment was never entered formally on the records of the trial court.

Also, the trial court gave, at the request of the appellee, the general affirmative charge with hypothesis against Bradley Blackburn.

Stephen Blackburn objected to the failure or refusal of the trial court to provide a form of verdict by which it could find for Stephen Blackburn alone.

The jury returned a verdict in favor of appellee in the amount of $4,000.00, with $2,000.00 being assessed against each appellant. The court refused to accept this verdict. After further deliberation, the jury returned a verdict against both appellants in the amount of $4,000.00.

Thereafter, motions for new trials were made and subsequently overruled.

Later, appeals from the judgments below were perfected to this court.

■ Assignment of error one questions the trial court's ruling sustaining appellee's demurrer to plea 2 of appellant Stephen Blackburn's answer, wherein he avers that appellee was discharged before settlement was reached, thereby entitling appellee to receive only the reasonable value of his services rendered to the time of discharge as appellant Stephen Blackburn's lawyer.

Stephen Blackburn's plea 2 admits that he entered into a contract of employment with appellee, but contends that appellee was discharged prior to settlement of the will contest, and says that if appellee is entitled to recover, it would be only an amount equal to the reasonable value of his services performed up to the time of his discharge.

It has been decided by our Supreme Court that a plea which goes only to the amount of recovery and does not go to the right of recovery is not a good plea in bar. Alexander v. Woodmen of the World, 161 Ala. 561, 49 So. 883.

We consider plea 2 to be bad, as it is directed to the *amount* of recovery appellee could have, rather than to his *right* to recover.

Appellant Stephen Blackburn argues in brief, however, that his plea 2 does properly question appellee's right to recover, and cites us to two Alabama cases—Hall v. Gunter & Gunter, 157 Ala. 375, 47 So. 155; and Owens v. Bolt, 218 Ala. 344, 118 So. 590.

These two cases, so far as we can see, stand for the proposition that quantum meruit is the only remedy available where there has been part performance by the attorney. We do not understand these cases to hold that quantum meruit is the only remedy available where there has been full or substantial performance by the attorney.

In the case at bar, appellee filed his action for breach of his employment contract and alleged that he had fully performed the contract and was seeking damages in the amount provided by the contract.

In *Hall*, supra, the attorney brought his action based on quantum meruit, and in *Owens*, supra, the attorney intervened pursuant to what is now Section 64(3) of Title 46, Code of Alabama 1940, as Recompiled 1958. In neither of these cases had the attorney filed his action for a breach of contract for which he sought damages thereunder.

Consequently, we do not consider these two cited cases to be authority for the proposition that appellee had no right to sue on the contract. Neither do we consider these two cases supportive of plea 2.

In the case of Kelly & Middleton v. Horsely, 147 Ala. 508, 41 So. 902, the Supreme Court of Alabama, in considering whether mandamus would lie to require the chancellor to make a reference to ascertain what compensation was earned by the attorney movant, said:

"* * * it does not appear that movants have not an adequate remedy at law. If they have rendered service under contract, they may recover under it in a court of law; and if not, and the respondent has received the benefit of such service and accepted it, they must recover on a quantum meruit."

The appellee, in the case at bar, brought his action on his contract for breach thereof, alleging that he had fully performed the terms of the contract, i. e., he had produced a settlement, and was now seeking the amount of money due on the contract.

*Horsely,* supra, says he has that right.

Other jurisdictions have generally treated similar situations such as that presented by the case at bar much the same as the California court did in MacInnis v. Pope, 134 Cal.App.2d 528, 285 P.2d 688, when it said:

"This is not a case of 'reasonable value'. Plaintiff sued on a written contract fully performed. It would seem unnecessary to cite authority for the point that when an attorney fully performs the services required by the contract he is entitled to the fee stipulated in the contract. The authorities cited by appellant relating to the cases when the contract is breached before full performances have no relation to these issues."

See also Bussey v. Hager, 82 Ga.App. 23, 60 S.E.2d 532.

We therefore conclude that appellee's complaint stated a good cause of action, and inasmuch as Stephen Blackburn's plea 2 did not properly question the right of action, but was directed more to the recovery of damages, it was not a good plea in bar and was, therefore, subject to an apt demurrer.

We find no error in the trial court's action sustaining the demurrer to plea 2.

Assignments of error three and four question the propriety of the trial court's action in sustaining demurrers to pleas 4 and 5.

■ Plea 4 alleged that appellee represented to appellant Stephen Blackburn that he would not lose any property or inheritance left to him under his father's will, but that in the event appellee was successful in the will contest suit or in effecting a settlement, that appellant Stephen Blackburn would receive the same share of the estate as he was left under the will, when in fact appellant Stephen Blackburn would lose substantially all the inheritance whether appellee was successful in setting aside the will or in obtaining a settlement thereof.

Plea 5 alleged a mutual mistake involving a belief by both parties that if the suit contesting the will was successful, that the appellant Stephen Blackburn would not lose any substantial part of the inheritance he would otherwise have received had said will not been contested. Plea 5 further alleged that appellant Stephen Blackburn acted upon this assurance, and that the same was a material inducement to him to enter into the agreement.

The demurrers to the two pleas were very general, and at the most, stated that the two pleas were legally insufficient and did not constitute a bar to the action of appellee.

Title 7, Section 236, Code of Alabama 1940, as Recompiled 1958, provides:

"No demurrer in pleading can be allowed except as to matters of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer."

Under Section 236, supra, our consideration of the demurrers is limited to the grounds thereof which are distinctly stated, and we would be in error in sustaining demurrers, the grounds of which did not point out with specificity real objections to the two pleas. Logan v. Windbigler, 282 Ala. 1, 208 So.2d 201; Fruitticher Electric Co. v. Birmingham Trust and Savings Co., 201 Ala. 676, 79 So. 248.

The reason for such a rule is succinctly stated in Cowan v. Motley, 125 Ala. 369, 28 So. 70, wherein the Supreme Court said:

"The first ground of demurrer was: 'Said plea is no answer to the third and fourth counts of the complaint.' Nothing could be more general than this objection. * * * The plea may be defective, but the ground of demurrer carefully fails to point out in what the defect consists. The reason for requiring by statute the causes of demurrer to be distinctly shown is, that defects in pleading may be so distinctly pointed out as that the party pleading may be apprised of their existence, and have opportunity to cure them by amendment if he can. * * *"

As was stated in *Cowan*, supra, pleas 4 and 5 might be defective, but the grounds of the demurrers filed thereto carefully failed to specify what defects lurked therein.

Again, as stated in *Cowan*, supra, the purpose behind the requirement of distinctly spelling out the defects in the pleading to which the demurrer is directed is to permit the other party to amend said pleading if it can be amended.

It very well may be that pleas 4 and 5 are defective—however, we do not decide that question at this time—but, if they are, the appellant Stephen Blackburn should have had an opportunity to amend them if he could.

The grounds of the demurrer being general, Stephen Blackburn could not tell what defects in the pleas, if any, were being singled out for attack by the demurrant.

We therefore consider the trial court's order sustaining the demurrers to pleas 4 and 5 to be erroneous, requiring a reversal of this case.

■ Assignment of error six questions the action by the trial court in overruling Stephen Blackburn's motion seeking the

recusal of the trial judge, the Honorable Leonard I. Burt.

The recusal motion was predicated on the allegation that Judge Burt was a material and necessary witness in the case because of a statement made by the Judge at a pleading session of the case at bar to the following effect:

"It might be possible he would or that he could testify in this cause, in substance or to the effect that defendant, Stephen Blackburn, at that time and at no appearance had made any representation that Mr. Tompkins was not still representing him or that he was not still a party in the case."

Appellant Stephen Blackburn in brief, cited us to the case of Reeves v. State, 260 Ala. 66, 68 So.2d 14, for the proposition that the trial judge should have removed himself from trying the case because he might possibly be a witness in said case.

The *Reeves case,* supra, contained the following quotation from 48 C.J.S. Judges § 83(b), p. 1068:

"A trial judge should not preside in a case in which he is a material and necessary witness."

This same section also provided as follows:

" * * * yet he will not be deprived of his jurisdiction merely because he himself is cognizant of the facts; and the mere fact that a judge may possibly be a witness in a case does not necessarily disqualify him from presiding in the trial of such case, * * *."

Without deciding specifically one way or the other as to whether the trial judge erred in not rescusing himself due to the possibility that he might be a witness in the case, it appears to us that any testimony the trial judge might have given would not have added anything to appellant Stephen Blackburn's case, for there were several witnesses who gave testimony along the same lines as that which would have been elicited from the trial judge had he testified. So, the trial judge's testimony would have been purely cumulative.

Therefore, any error that might have been committed was harmless error. Supreme Court Rule 45.

Assignments of error seven and eight are based on two requested jury charges, four and five, which were refused by the trial court, and which concerned the proper measure of damages for an attorney who has been discharged prior to full or substantial performance.

These two requested charges had been adequately covered by the court's oral charge to the jury, and therefore, the court committed no error by refusing to give them to the jury again.

We pretermit consideration of assignment of error thirteen for the reason that it will, in all probability, not recur on a subsequent trial of this matter.

Assignment of error fourteen is predicated on the failure of the trial court to provide a form of verdict as follows:

"We the jury find our verdict in favor of the defendant, Stephen Blackburn."

Appellant Stephen Blackburn states that Title 7, Section 138, Code of Alabama 1940, as Recompiled 1958, makes all contracts signed by two or more people several as well as joint contracts, and therefore, the trial court should have provided the inquired-about form of verdict.

We believe that we are prevented from considering the merits of this assignment because of the method used to present this matter for our review.

The form of verdict under consideration is in the nature of an affirmative charge, which must be requested in writing.

There was no request in writing that this special charge be given the jury;

therefore, nothing has been presented for our review. See City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4.

After the case was submitted to the jury, it rendered a verdict in the following form:

"We the jury do hereby rule in favor of the plaintiff in the amount of $4,000.-00 to be paid by each defendant in the sum of $2,000.00 each."

The trial court would not accept the verdict in this form and asked the jury to retire and correct its verdict.

The jury did retire and later returned a verdict in the following form, which was accepted by the court:

"We the jury find for the plaintiff against the defendants, Stephen Blackburn and Bradley Blackburn, and fix the amount at $4,000.00 Dollars."

Assignment of error fifteen questions the action of the trial court in refusing to accept the first verdict and directing the jury to retire and return a new verdict.

■ Appellant Stephen Blackburn contends that as the contract of employment is both joint and several under Section 138, supra, that it is proper for the jury to return a verdict against all defendants, or against any of them; however, we think Stephen Blackburn is really saying that the jury, upon finding against appellants, can apportion the damages one-half to one appellant and one-half to the other appellant. We disagree.

In the case of County of Platte v. New Amsterdam Casualty Co., 6 F.R.D. 475, the court said:

"A recognized authority on the law of contracts states: 'Where parties are under joint and several duties there is, in legal effect, one more contract than there are obligors. Each obligor has separately contracted and all of them have together contracted jointly.

"'Under such a contract each obligor is liable severally for the whole duty.'"

As we construe this authority, each appellant was severally liable to the appellee and could be made to respond for the entire amount of the judgment rendered against them jointly.

We find no error here.

Discussion of assignments of error seventeen and eighteen is pretermitted at this time, for we feel that it is unlikely that these questions will arise on a retrial of this matter.

■ Assignments of error twenty-eight, twenty-nine and thirty relate to the trial court's action in sustaining objections of appellee to questions asked of appellant Stephen Blackburn, wherein it was sought to be shown by said witness that certain misrepresentations had been made by appellee to appellant Stephen Blackburn, in an effort to induce him to enter into the contract of employment or to show a mistake as between appellee and appellant Stephen Blackburn of matters forming a material part of the employment contract.

We do not consider these assignments valid for this appeal, for the reason that the trial court had sustained demurrers to the applicable pleas so that the issues which would have been illuminated by these questions were no longer before the court, and therefore, the questions were not relevant or material to any valid issue being considered by the court.

■ Assignment of error forty-one questions the propriety of the trial court at the conclusion of the trial in orally granting a motion for a judgment nil dicit against Bradley Blackburn.

Appellant Bradley Blackburn says this was an improper judgment, because he participated in the trial as a party in all respects.

Appellee says that we have nothing to review here for the reason that no judg-

ment nil dicit was ever entered on the court records.

Without deciding whether nil dicit was proper in the circumstances or not, it appears that any error the court might have committed was harmless.

We think the maxim, "It is only when the error complained of 'has probably injuriously affected the substantial rights of the parties' that we are authorized to reverse; and this is to be determined 'after an examination of the entire cause,'" Bates v. Rentz, 262 Ala. 681, 81 So.2d 349, obtains here.

Since the record is devoid of an entry of a nil dicit judgment, we do not consider that the requisite "injury to substantial rights" was present in this case. No error here.

 Assignment of error forty-three questions the action of the trial court in giving the general affirmative charge with hypothesis against appellant Bradley Blackburn.

Appellant argues that there was evidence that appellee had not fully performed the contract of employment on which he had sued.

After reviewing the evidence, we do not believe there is any merit in this assignment.

Appellee, as attorney for appellant Bradley Blackburn, had, by his contract of employment, agreed to have the will of appellant's father set aside or to obtain a settlement of controversy. In the event the will was set aside after contest, appellee was to receive $8,000.00; but if the case was settled, he was to receive only $5,000.00.

The evidence shows that a settlement of the will contest was agreed to by all parties, and that the settlement was adopted by the court in the form of a decree. This decree reflecting the settlement was introduced into evidence in the trial of the case at bar.

The appellee had complied with the terms of his employment agreement, i e., he had obtained a settlement of the will contest; and all that remained to be done under the contract was for his fee of $5,000.00 to be paid by appellants.

We do not believe that any reversible error was committed by the trial court in granting the general affirmative charge with hypothesis as to Bradley Blackburn.

The other assignments of error not being argued, are considered waived. Supreme Court Rule 9.

For the errors committed by the trial court as herein pointed out, this case is reversed and remanded.

Reversed and remanded.