286 So.2d 849

**Kelly Kirk MILLIGAN and Milligan Ready-Mix Concrete Company et al.**

**v.**

**Annie SPARKS, as Executrix of the last will and Testament of Elmore P. Sparks, Deceased.**

**Civ. 226.**

Court of Civil Appeals of Alabama.

Dec. 12, 1973.

Stanley E. Munsey, Tuscumbia, for appellants.

Joe Gilliland, Russellville, for appellee.

HOLMES, Judge.

This appeal is taken by appellant-defendant from a jury verdict and judgment, in favor of appellee-plaintiff for $1,200. Appellee sued for property damage caused by a collision between a truck belonging to and operated by appellant and a car owned by the appellee in which he was a passenger. The driver of the car was Owen B. Sparks, the brother of appellee, who is not a party to this cause.

A one count simple negligence complaint was filed by plaintiff. Defendant filed a demurrer. Defendant next filed his answer containing two pleas: one being a general denial; the other asserting negligent entrustment as contributory negligence. Plaintiff filed a demurrer to plea two of defendant's answer, and the trial court sustained the demurrer to plea two. Trial was had on the one count complaint and plea one of defendant's answer.

Appellant argues four assignments of error on this appeal. Appellant first argues that the trial court erred in overruling defendant's demurrer to the complaint. Secondly, appellant argues the court erred in sustaining plaintiff's demurrer to plea two of defendant's answer. Thirdly, appellant cites as error the refusal of the trial court to give to the jury his written requested charge number four. Finally, appellant states that the trial court was in error in overruling his motion for a new trial.

The automobile was owned by the plaintiff and was being driven by Owen B. Sparks, brother of the plaintiff, at the time of the collision. The plaintiff was a passenger in the automobile. The car collided with a truck which was owned and operated by the defendant. The truck was parked along Colbert County Road Number 1 on the right hand side of the road. The defendant was standing behind the truck and was injured in the accident. Plaintiff testified he could see the truck before the collision, when he was about 100 yards away from it. The driver of the car said he saw the truck some 70 yards away. He did not see defendant standing behind the truck before colliding with it. The car was damaged on the right side. The truck was struck on the left rear.

The driver of the car testified that when he saw the truck, it appeared to be a big yellow-like object; a truck or something like that. He did not distinguish it as a concrete mixer. After the accident, an Alabama State Trooper asked the driver to read his license plate numbers while standing some distance behind the car. The driver could not read the numbers until he was 48 feet from the rear of the car.

As to appellant's first assignment of error that the trial court erred in overruling the demurrer to the complaint, there is no error, for it does not appear in the record that the trial court made any ruling whatsoever on the demurrer. The rule is well settled that unless a party secures a ruling on a demurrer, it will be presumed on appeal that the demurrer was withdrawn or abandoned. Evans v. Evans, 264 Ala. 2, 84 So.2d 337; Agricola v. Vulcan Materials Co., 273 Ala. 385, 141 So.2d 192. As a result, the absence in the record of any ruling on the demurrer is not reversible error.

Appellant next assigns as error the trial court's sustaining of plaintiff's demurrer to

plea two of defendant's answer. Defendant's answer with both pleas is as follows:

"Come now Defendants, Kelly Kirk Milligan, and Milligan's Ready-Mix Concrete Company, in the above styled and numbered case, and for answer to the Plaintiff's Complaint says:

"1. That they are not guilty.

"2. For that at the time and place alleged in the Plaintiff's Complaint the Plaintiff was himself guilty of negligence in that the Plaintiff negligently entrusted the use and operation of the automobile to Owen Benson Sparks, knowing that the said Owen Benson Sparks was physically unable to safely operate the same in that his eyesight was impaired, which said negligent entrustment was negligence which proximately contributed to the Plaintiff's own damages."

To this answer, plaintiff demurred:

"Comes now the Plaintiff and files this his Demurrer to the Plea 2 of the Defendant heretofore filed and for grounds therefor assigns the following:

"1. Said plea is no defense to this action.

"2. Said Plea is not a Plea of contributory negligence.

"3. Said Plea is immaterial."

■ In a negligent entrustment, there must be proof of negligent conduct. This involves three factors. First, there must be entrustment by the owner. Secondly, there must be incompetence or recklessness on the part of the entrustee. Thirdly, the owner must have actual or constructive knowledge of such incompetence or recklessness. Once negligent conduct of the entrustor has been established, it must be shown that his negligence was the proximate cause of injury, or proximately contributed to his own injury. This require-

ment of proximate cause is best described as being that the negligence of the driver must have been the proximate cause of injury to the other party, or proximately contributed to the entrustor's own injury. McDermott v. Hambright, 286 Ala. 249, 238 So.2d 876; Salvation Army v. Security Roofing Co., 255 Ala. 349, 51 So.2d 513. See also, 23 Ala.L.Rev. 733 (1971) for an excellent discussion of negligent entrustment.

■ In essence, for a proper plea of negligent entrustment, constituting contributory negligence, there must be proof that the owner, or entrustor was negligent in entrusting; and also that the driver, or entrustee, was negligent, and such negligence proximately contributed to the entrustor's injuries.

As Mr. Justice Harwood states in Dean v. Johnston, 281 Ala. 602, 605, 206 So.2d 610, 613:

"[T]he owner's liability under the circumstances is dependent upon the negligence of the driver, and the driver's negligence must be shown only by material and competent evidence of negligence proximately causing the injury."

To this court, a plea of negligent entrustment would be a defense constituting contributory negligence in appropriate cases in Alabama. However, in the instant case, appellant's plea two in his answer appears to be defective in that it is not sufficient to prove the elements of negligent entrustment. The plea does not specifically mention the negligence of the driver, nor does it point out with specific particularity that such negligence was the proximate contributing cause of the owner's injury.

■ However, plaintiff's demurrer to defendant's plea two of his answer is clearly a general demurrer. Blount County v. Hollingsworth, 45 Ala.App. 401, 231 So. 2d 324; 16 Ala.Dig. Pleading ⊜201.

Ala.Code, Tit. 7, § 236, states:

"No demurrer in pleading can be allowed except as to matters of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer."

The demurrer, without question, did not point out any defect in the plea and the trial court should not have sustained it. State ex rel. Denson v. Howze, 247 Ala. 564, 25 So.2d 433.

Furthermore, it is the law in Alabama that it is reversible error to sustain demurrers which fail to point out the real objections to a plea. Logan v. Windbigler, 282 Ala. 1, 208 So.2d 201.

As Judge Bradley stated in Blackburn v. Tompkins, 46 Ala.App. 571, 246 So.2d 459:

"Under Section 236, supra, our consideration of the demurrers is limited to the grounds thereof which are distinctly stated, and we would be in error in sustaining demurrers, the grounds of which did not point out with specificity real objections to the two pleas. Logan v. Windbigler, 282 Ala. 1, 208 So.2d 201; Fruitticher Electric Co. v. Birmingham Trust and Savings Co., 201 Ala. 676, 79 So. 248.

"The reason for such a rule is succinctly stated in Cowan v. Motley, 125 Ala. 369, 28 So. 70, wherein the Supreme Court said:

" 'The first ground of demurrer was: "Said plea is no answer to the third and fourth counts of the complaint." Nothing could be more general than this objection. * * * The plea may be defective, but the ground of demurrer carefully fails to point out in what the defect consists. The reason for requiring by statute the causes of demurrer to be distinctly shown is, that defects in pleading may be so distinctly pointed out as that the party pleading may be apprised of their existence, and have opportunity to cure them by amendment if he can. * * * '"

"As was stated in Cowan, supra, pleas 4 and 5 might be defective, but the grounds of the demurrers filed thereto carefully failed to specify what defects lurked therein.

"Again, as stated in Cowan, supra, the purpose behind the requirement of distinctly spelling out the defects in the pleading to which the demurrer is directed is to permit the other party to amend said pleading if it can be amended." (46 Ala.App. at 577, 246 So.2d at 464)

While we may be in sympathy with appellant's contention that the trial court's action in this regard would be error without injury, we find no merit in this contention. The appellant attempted to set up a plea of contributory negligence on the theory of negligent entrustment. As seen above, such a plea could be a defense and if a defect existed in the plea, under Alabama law such defect must be specifically pointed out.

We particularly note that in this instance, while certain evidence was presented regarding the plea even though the plea was not allowed, no instruction was presented to the jury regarding this possible defense. In other words, the jury had no opportunity to consider negligent entrustment as contributory negligence.

This court appreciates the difficulty that the learned trial court experienced in this matter regarding the pleading and, hopefully, our new rules of civil procedure will alleviate some of the trial court's difficulties as well as this court's.

The above constituting reversible error, a discussion of other assignments of error is unnecessary.

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.