ON APPLICATION FOR REHEARING
We overrule the defendants' application for rehearing in this case; however, we extend the opinion in order to address the issue of the two defendants' respective obligations for payment of the damages award. At the close of the trial, the court gave the jury separate verdict forms by which it could find for or against each defendant, Sheridan W. Shirley, M.D., or Sheridan W. Shirley, M.D., P.A. The jury returned separate verdicts against each defendant and, on each form, assessed the plaintiff's damages in the amount of $25,000.
The plaintiff argues on application for rehearing that the jury intended to award the plaintiff $50,000 and that the trial court erred in failing to give the jury a general verdict form and in failing to instruct the jury on the law of joint and several liability. However, at trial, the plaintiff did not request that a general verdict form be given, nor did he object to the separate verdict forms that were given. In addition, the plaintiff did not request a charge on joint and several liability, nor did he object to the charges that were given. Therefore, we will not consider his allegations of error with respect to these matters. Cf., Blackburn v. Tompkins,46 Ala. App. 571, 577, 246 So.2d 459, 465 (Ala.Civ.App. 1971).
We now consider the legal effect of the separate verdicts rendered in this case. The law in Alabama concerning joint obligor liability is found in Code 1975, § 6-5-283, which reads as follows:
 "When two or more persons are jointly bound by judgment, bond, covenant or promise in writing of any description whatsoever, the obligation or promise is in law several as well as joint. . . ."
The effect of this statute is to allow the plaintiff to sue one or all joint obligors. See Ford Motor Co. v. Tindol,380 So.2d 904, 905 (Ala.Civ.App. 1980); and Burgreen Contracting Co. v.Goodman, 55 Ala. App. 209, 219, 314 So.2d 284, 293
(Ala.Civ.App. 1975). Once judgment is rendered against more than one defendant on a joint contract, the statute provides that the defendants are responsible jointly and severally for the entire amount. See Burgreen Contracting, 55 Ala. App. at 219,314 So.2d at 293. Implicit in this statute is the rule that the jury is not allowed to apportion the damages among the various defendants. See Blackburn, 46 Ala. App. at 578,246 So.2d at 466. Therefore, the verdicts rendered in the present case can be construed only as a single award of $25,000 to the plaintiff, for which both defendants are jointly and severally liable. Full payment by either defendant, as has been made in this case by the defendant P.A., will satisfy the judgment as to both.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur. *Page 1336